UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-22335-Civ-TORRES

SUZANNE M. BEDWELL, individually
and as mother and next friend of R.Z.B.,
a minor and ERNEST D. BEDWELL,
individually and as father and next friend
of R.Z.B., a minor,

    Plaintiffs,

v.

BRAZTECH INTERNATIONAL, L.C.,

    Defendant.

_____/

## **ORDER DENYING PLAINTIFFS' MOTION TO DISMISS**

This matter is before the Court on Suzanne M. Bedwell's ("Ms. Bedwell") and Ernest D. Bedwell's ("Plaintiffs") motion to dismiss Braztech International L.C.'s ("Defendant") counterclaim. [D.E. 65]. Defendant responded to Plaintiff's motion on October 9, 2017 [D.E. 68] to which Plaintiffs did not reply. Therefore, Plaintiffs' motion is now ripe for disposition. After careful consideration of the motion, response, relevant authority, and for the reasons discussed below, Plaintiffs' motion is **DENIED**.

1

## I. BACKGROUND

Plaintiff filed this action on September 16, 2016. [D.E. 1]. On January 20, 2015, Ms. Bedwell purchased a new Rossi brand .357 Magnum revolver at an outdoor equipment retailer in Wasilla, Alaska. On February 21, 2015, Ms. Bedwell, along with her husband and son, drove to an ammunition store to purchase supplies before driving to Palmer, Alaska to engage in target practice. In the process of exiting the motor vehicle in the parking lot, the revolver inadvertently fell out of its holster, landed on its hammer, and unintentionally discharged a round of ammunition that struck Ms. Bedwell's son in his left leg. Ms. Bedwell suggests that the accidental discharge of the firearm was directly and proximately caused by the firearm's defective condition, including manufacturing and/or design defects. As a result of the injury to Ms. Bedwell's son, Alaska state troopers were called to the scene. After hearing Ms. Bedwell's explanation for the cause of the accident, the officers took the firearm into their possession.

On April 14, 2015, the state troopers tested Ms. Bedwell's firearm for a potential misfiring defect by tapping the revolver on the hammer with a small mallet. The test allegedly resulted in an unintentional misfiring of the weapon. Plaintiff then purchased three additional Rossi .357 revolvers and a local gunsmith tested them for defects. Out of the three, one discharged in the same way as Ms. Bedwell's revolver when struck on the hammer with a mallet. As such, Ms. Bedwell filed this class action seeking to force Defendants to recall, repair, and/or

repurchase the defective .357 revolvers sold to Ms. Bedwell and the class.[2] In sum, Plaintiffs allege that Defendant violated the Florida Deceptive and Unfair Trade Practices Act, committed two counts of negligence (failure to warn and failure to test), and breached several warranties.

## II. APPLICABLE PRINCIPLES AND LAW

### A. *Motion to Dismiss Standard*

In ruling on a motion to dismiss, the Court must view the Complaint in the light most favorable to the plaintiff. *See, e.g., Jackson v. Okaloosa Cnty. Fla.*, 21 F.3d 1531, 1544 (11th Cir. 1994). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228. 1231 (11th Cir. 2000) (citing *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). "A complaint may not be dismissed pursuant to Rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (citing *Lopez v. First Union Nat'l Bank of Florida*, 129 F.3d 1185, 1189 (11th Cir. 1997)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds for

---

[2] Plaintiff notes that we have subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and defendant are citizens of different states.

3

this entitle[ment] to relief requires more than labels and conclusions . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citation omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . ." *Iqbal*, 556 U.S. at 678. "Naked assertions devoid of further factual enhancement will not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 557). It is factual content that gives a claim facial plausibility. *Id.* (holding that plaintiff's complaint failed to state a claim because it lacked "sufficient facts"). "[A] court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the plaintiff]." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

## B. *Motion to Strike Standard*

A party may move to strike pursuant to Rule 12(f) of the Federal Rules "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989) (quoting *Fla. East Coast Railway Co. v. Peters,* 72 Fla. 311, 73 So. 151 (Fla. 1916)). Thus, affirmative defenses are pleadings, and as a result, must comply with all the same pleading requirements applicable to complaints. *See Home Management Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *1 (S.D. Fla. Aug. 27, 2007). Affirmative defenses must also follow the general pleading standard of FED R. CIV. P. 8(a), which requires a "short

4

and plain statement" of the asserted defense. *See Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). A defendant must admit the essential facts of the complaint and bring forth other facts in justification or avoidance to establish an affirmative defense. *See id.*

"The striking of an affirmative defense is a 'drastic remedy' generally disfavored by courts." *Katz v. Chevaldina*, 2013 WL 2147156, at *2 (S.D. Fla. May 15, 2013) (citations omitted); *see also Blount v. Blue Cross & Blue Shield of Florida, Inc.*, 2011 WL 672450, at *1 (M.D. Fla. Feb. 17, 2011) ("Striking a defense . . . is disfavored by the courts."); *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 2010 WL 5393265, at *1 (S.D. Fla. Dec. 21, 2010) ("Motions to strike are generally disfavored and are usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties") (internal quotations omitted) (quoting another source).

But, a "defendant must allege some additional facts supporting the affirmative defense." *Cano v. South Florida Donuts, Inc.,* 2010 WL 326052, at *1 (S.D. Fla. Jan. 21, 2010). Affirmative defenses will be stricken if they fail to recite more than bare-bones conclusory allegations. *See Merrill Lynch Bus. Fin. Serv. v. Performance Mach. Sys.*, 2005 WL 975773, at *11 (S.D. Fla. March 4, 2005) (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002)). "An affirmative defense may also be stricken as insufficient if: '(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of

law.'" *Katz*, 2013 WL 2147156, at *1 (citing *Blount v. Blue Cross and Blue Shield of Fla., Inc.,* 2011 WL 672450 (M.D. Fla. Feb.17, 2011)).

"Furthermore, a court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." *Morrison v. Exec. Aircraft Refinishing, Inc.,* 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). An affirmative defense should only be stricken with prejudice when it is insufficient as a matter of law. *See Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). Otherwise, district courts may strike the technically deficient affirmative defense without prejudice and grant the defendant leave to amend the defense. *See Microsoft Corp.*, 211 F.R.D. at 684.

### III. ANALYSIS

Plaintiffs' motion is directed at Defendant's counterclaim – which alleges that contributory fault applies in this case – because both Plaintiffs were allegedly negligent in the supervision of their minor son. [D.E. 58] ("Mr. Bedwell and Ms. Bedwell breached their duties by failing to properly supervise R.Z.B."). In its answer, Defendant included apportionment of fault as a counterclaim which therefore led Plaintiffs to filing a motion to dismiss.[3] However, for the reasons stated below, apportionment of fault is not a counterclaim but an affirmative

---

[3] There is no doubt that a motion to dismiss is the proper motion to file against an opposing party's counterclaim.

6

defense. *See* FED. R. CIV. P. 8(c)(1) (including the doctrine of contributory negligence as an affirmative defense). As such, we construe Defendant's counterclaim as an affirmative defense and Plaintiff's motion to dismiss as a motion to strike.

First, Plaintiffs take issue with the allegation that "Ms. Bedwell breached her duties by failing to maintain control of the Subject Revolver in her custody and control and otherwise by her failure to abide by basic rules of firearm safety." [D.E. 58]. Plaintiffs argue that Defendant provides no supporting facts to support this conclusory assertion and that it fails to comply with the Federal Rules.

Second, Plaintiffs argue that Defendant's reliance on apportionment of fault fails because Defendant expressly states in its owner's manual – that if the revolver should hypothetically be dropped to the ground – a hypothetical discharge would be prevented by the hammer block safety feature:[4]

> The hammer is of the rebounding type, in which the firing pin is not thrust into contact with a chambered cartridge except when the trigger is pulled. In addition, the hammer-trigger mechanism incorporates an internal block which interposes a block of steel between the hammer nose and primer. The hammer block is withdrawn only when the hammer is cocked, thus *preventing* an accidental *discharge* should the revolver be dropped, uncocked, and sustain a sharp blow on the hammer.

[D.E. 58]. Because Defendant fails to plead any additional facts or circumstances that Plaintiffs caused the safety feature to fail or disengage, Plaintiffs argue that the claim for contributory fault is premised on nothing more than legal conclusions.

Third, Plaintiffs suggest that apportionment of fault must fail because there is no special duty associated with firearm handling under Alaska common law. *See*

---

[4] A "drop fire" occurs when a firearm falls from a point of elevation to the ground and the force associated with that fall causes the gun to discharge.

7

*Sturm, Ruger & Co. v. Day*, 594 P.2d 38, 42 (Ala. 1979) *overruled by Dura Corp. v. Harned*, 703 P.2d 396 (Ala. 1985) ("The manner in which guns should be handled in particular circumstances is not a question of law; the only relevant rule of law is the general duty to act reasonably under any given set of circumstances."). Plaintiffs take particular issue with paragraph 15 of Defendant's counterclaim:

> Ms. Bedwell had a duty to exercise prudent and reasonable care, and at all times, abide by all rules of safe firearm handling, including, but not limited to, keeping control at all time of the Subject Revolver, and not allowing it to slide out of its holster and fall and strike the ground, and / or discharge in an unintentional manner and / or direction.

[D.E. 58]. Because no special duty exists under Alaska common law, Plaintiffs argue that apportionment of fault is entirely misplaced.

As touched upon earlier, Defendant's counterclaim is actually an affirmative defense. Every case that we have reviewed – under various state statutes – has consistently held that contributory fault is an affirmative defense.[5] *See, e.g.*, *Harper v. Wilkaitis*, 2015 WL 2371565, at *3 (S.D. Miss. May 18, 2015) ("Because apportionment of fault is an affirmative defense, Wilkaitis will have the burden of persuading the jury that Brentwood's premises was unreasonably dangerous.")

---

[5] Alaska Statute § 09.17.060 allows damages to be diminished proportional to a claimant's contributory fault:

> In an action based on fault seeking to recover damages for injury or death to a person or harm to property, contributory fault chargeable to the claimant diminishes proportionately the amount awarded as compensatory damages for the injury attributable to the claimant's contributory fault, but does not bar recovery.

Alaska Stat. Ann. § 09.17.060.

8

(citing *Eckman v. Moore,* 876 So.2d 975, 989 (Miss. 2004)); *Dawes-Ordonez v. Forman*, 2009 WL 3273898, at *2 (S.D. Fla. Oct. 9, 2009) (denying motion to strike apportionment of fault as an affirmative defense); *Millette v. DEK Techs., Inc.*, 2009 WL 3242010, at *6 (S.D. Fla. Oct. 6, 2009) ("Although Nadeau does not use the phrase 'apportionment of fault,' the Court construes this affirmative defense as such.").

More importantly, the reason why contributory fault constitutes an affirmative defense is because counterclaims – by their very definition – are materially different. "An affirmative defense *does not* identify a defect in a plaintiff's *prima facie* case. For example, responding that plaintiff's complaint fails to state a claim upon which relief may be granted—the standard for dismissal under Rule 12(b)(6)—or that defendants did not owe plaintiff a duty does not raise an affirmative defense." *F.D.I.C. v. Stovall*, 2014 WL 8251465, at *2 (N.D. Ga. Oct. 2, 2014) (citing *In re Rawson Food Serv., Inc.,* 846 F.2d 1343, 1349 (11th Cir. 2010) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."). Instead, "an affirmative defense is something that, if proven, will reduce or eliminate a plaintiff's recovery even if the plaintiff established a *prima facie* case." *Stovall*, 2014 WL 8251465, at *2 (citing *Roberge v. Hannah Marine Corp.,* 124 F.3d 199, 199 (6th Cir. 1997) ("An affirmative defense ... does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven.")).

9

Stated differently, "counterclaims are bases on which a jury can award damages while . . . affirmative defenses are merely ways in which [a] defendant can avoid liability." *Hellauer v. NAFCO Holding Co.,* 1998 WL 472453, at *4 (E.D. Pa. July 28, 1998). Hence, an affirmative defense is a reason why a plaintiff's requested recovery should be eliminated whereas a counterclaim is "essentially an action which asserts a right to payment." *See Am. First Fed., Inc. v. Lake Forest Park, Inc.,* 198 F.3d 1259, 1264 (11th Cir. 1999) (quoting *Nat'l Union Fire Ins. v. City Sav.,* 28 F.3d 376, 393 (3d Cir. 1994) (internal quotation marks omitted)).

Similar to other affirmative defenses, contributory fault does not give rise to an independent cause of action or a right to payment. It merely seeks to reduce – if not completely eliminate – any damages resulting from the injuries sustained to Ms. Bedwell's son. *See Inlet Condo. Ass'n Inc. v. Childress Duffy, Ltd., Inc.*, 2013 WL 11320208, at *1 (S.D. Fla. May 21, 2013) ("[T]he proper vehicle for Inlet's challenges to Childress' affirmative defenses is a motion to strike pursuant to Fed. R. Civ. P. 12(f) rather than a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)."). Because Defendant's counterclaim is actually an affirmative defense, we will determine whether it complies with the Federal Rules.

There is currently a split of authority in the Eleventh Circuit on whether affirmative defenses must comply with Rule 8. "Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion." *Ramnarine v. CP RE Holdco 2009-1*, LLC, 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013). In fact, no

10

United States Court of Appeals has decided the question on whether the plausibility standard enunciated in *Twombly* and *Iqbal* applies to affirmative defenses "and the district courts that have considered it do not agree on an answer." *Owen v. Am. Shipyard Co., LLC*, 2016 WL 1465348, at *1 (D.R.I. Apr. 14, 2016) (citing Stephen Mayer, Note, *An Implausible Standard for Affirmative Defenses,* 112 Mich. L. Rev. 275, 276 (2013) ("More than one hundred federal cases have contemplated whether the plausibility standard outlined in [Twombly and Iqbal] applies to affirmative defenses, yet the districts remain divided, and no court of appeals has yet addressed the issue."); Justin Rand, *Tightening Twiqbal: Why Plausibility Must Be Confined to the Complaint*, 9 Fed. Cts. L. Rev. 79 (2016)).

On one hand, many courts have held that affirmative defenses are subject to the heightened pleading standard set forth in the Supreme Court cases of *Twombly* and *Iqbal*. *See Home Mgmt. Sols., Inc.*, 2007 WL 2412834, at *2 ("Affirmative defenses, however, are subject to the general pleading requirements of Rule 8(a) and will be stricken if they fail to recite more than bare-bones conclusory allegations.") (citing *Merrill Lynch Bus. Fin. Serv.,* 2005 WL 975773, at *11) (citing *Microsoft Corp.,* 211 F.R.D. at 684); *see also Torres v. TPUSA, Inc.,* 2009 WL 764466 (M.D. Fla. Mar. 19, 2009) (affirmative defense stating that plaintiff fails to state a claim upon which relief can be granted provides no basis on which the court can determine a plausible basis for this defense); *see also Holtzman v. B/E Aerospace, Inc.,* 2008 U.S. Dist. LEXIS 42630, at *6 (S.D. Fla. May 28, 2008) ("While Defendants need not provide detailed factual allegations, they must provide more

11

than bare-bones conclusions. Plaintiff should not be left to discover the bare minimum facts constituting a defense until discovery"); *see also Home Mgmt. Solutions, Inc.* 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007) ("Without some factual allegation in the affirmative defense, it is hard to see how a defendant could satisfy the requirement of providing not only 'fair notice' of the nature of the defense, but also 'grounds' on which the defense rests.") (brackets omitted) (quoting *Twombly,* 550 U.S. at 556 n.3). If this interpretation of Rule 8(a) and affirmative defenses is correct, then defenses which offer labels or conclusions are inappropriate because they would have to include factual allegations to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

On the other hand, many courts have held that the heightened pleading standard described in *Twombly* and *Iqbal* only apply to the allegations in complaints – not affirmative defenses. *See, e.g., Gonzalez v. Midland Credit Mgmt., Inc.*, 2013 WL 5970721, at *3 (M.D. Fla. Nov. 8, 2013); *Floyd v. SunTrust Banks, Inc.,* 2011 WL 2441744 (N.D. Ga. June 13, 2011); *Jackson v. City of Centreville,* 269 F.R.D. 661 (N.D. Ala. 2010); *Romero v. S. Waste Sys., LLC*, 619 F. Supp. 2d 1356, 1358 (S.D. Fla. 2009); *Sparta Ins. Co. v. Colareta*, 2013 WL 5588140, at *3 (S.D. Fla. Oct. 10, 2013); *Blanc v. Safetouch, Inc.,* 2008 WL 4059786, at *1 (M.D. Fla. Aug. 27, 2008). The basis for these decisions stem from the differences between Rule 8(a) – which apply to the pleading of claims – and Rules 8(b) and (c) which apply to affirmative defenses.

We are persuaded – by three considerations – that affirmative defenses are subject to *Twombly* and *Iqbal*. First, *Iqbal's* extension of the *Twombly* pleading standard was premised on *Twombly's* holding that the purpose of Rule 8 – in general – was to give parties notice of the basis for the claims being sought. Importantly, the Supreme Court discussed Rule 8 at large and never limited its holding solely to complaints. Second "it neither makes sense nor is it fair to require a plaintiff to provide defendant with enough notice that there is a plausible, factual basis for . . . [his] claim under one pleading standard and then permit the defendant under another pleading standard simply to suggest that some defense may possibly apply in the case." *Castillo v. Roche Labs. Inc.*, 2010 WL 3027726, at *2 (S.D. Fla. Aug. 2, 2010) (quoting *Palmer v. Oakland Farms, Inc.,* 2010 WL 2605179, at *4 (W.D. Va. June 24, 2010)). And third, "when defendants are permitted to make "[b]oilerplate defenses," they "clutter [the] docket; they create unnecessary work, and in an abundance of caution require significant unnecessary discovery." *Castillo,* 2010 WL 3027726, at *3 (citation and internal quotation marks omitted).

When coupling the three considerations discussed above with the fact that a majority of courts have agreed with this position, we hold that there is no separate standard for complaints and affirmative defenses in connection with Rule 8. *See, e.g.*, *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171–72 (N.D. Cal. 2010) ("While neither the Ninth Circuit nor any other Circuit Courts of Appeals has ruled on this issue, the vast majority of courts presented with the issue have extended *Twombly's* heightened pleading standard to

13

affirmative defenses.") (citing *CTF Dev., \*1172 Inc. v. Penta Hospitality, LLC,* 2009 WL 3517617, at \*7–8 (N.D. Cal. Oct. 26, 2009) ("Under the *Iqbal* standard, the burden is on the defendant to proffer sufficient facts and law to support an affirmative defense"); *see also Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 n.15 (D. Kan. 2009) (citing nine cases applying *Twombly* and *Iqbal* to the pleading of affirmative defenses)).

Here, Defendant has proffered enough facts to give Plaintiffs fair notice of the affirmative defense being asserted and how it applies to the facts of this case. *See Castillo*, 2010 WL 3027726, at \*4 (striking the affirmative defense that a party failed to mitigate damages because it lacked factual particularity) (citing *Barnes*, 718 F. Supp. 2d at 1171–72 (merely alleging that the affirmative defense exists is not sufficient)). Specifically, Defendant suggests that Plaintiffs (1) allowed the firearm to slide out of its holster, (2) strike the ground, and (3) discharge in an unintended manner. Defendant also contends that Plaintiffs failed to supervise their minor son when the firearm was dropped to the ground. When coupled together, it becomes clear that Defendant's theory for contributory fault hinges upon Plaintiffs committing several negligent acts – all of which caused injuries to Plaintiffs' son. Defendant is required to do no more and Plaintiffs' motion must therefore be **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' motion [D.E. 65] is **DENIED**.

14

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of October, 2017.

>/s/ *Edwin G. Torres*
> EDWIN G. TORRES
> United States Magistrate Judge