UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-22335-Civ-TORRES

SUZANNE M. BEDWELL, individually
and as mother and next friend of R.Z.B.,
a minor and ERNEST D. BEDWELL,
individually and as father and next friend
of R.Z.B., a minor,

    Plaintiffs,

v.

BRAZTECH INTERNATIONAL, L.C.,

    Defendant.

_____/

## ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION

This matter is before the Court on Suzanne M. Bedwell's ("Ms. Bedwell") and Ernest D. Bedwell's ("Mr. Bedwell") (collectively, "Plaintiffs") motion for reconsideration against Braztech International L.C. ("Defendant"). [D.E. 72]. Defendant responded to Plaintiffs' motion on November 16, 2017 [D.E. 78] to which Plaintiffs did not reply. Therefore, Plaintiffs' motion is now ripe for disposition. After careful consideration of the motion, response, relevant authority, and for the reasons discussed below, Plaintiffs' motion for reconsideration is **DENIED**.

### I. BACKGROUND

Plaintiff filed this action on September 16, 2016. [D.E. 1]. On January 20, 2015, Ms. Bedwell purchased a new Rossi brand .357 Magnum revolver at an outdoor equipment retailer in Wasilla, Alaska. On February 21, 2015, Ms. Bedwell,

1

along with her husband and son, drove to an ammunition store to purchase supplies before driving to Palmer, Alaska to engage in target practice. In the process of exiting the motor vehicle in the parking lot, the revolver inadvertently fell out of its holster, landed on its hammer, and unintentionally discharged a round of ammunition that struck Ms. Bedwell's son in his left leg. Ms. Bedwell suggests that the accidental discharge of the firearm was directly and proximately caused by the firearm's defective condition, including manufacturing and/or design defects. As a result of the injury to Ms. Bedwell's son, Alaska state troopers were called to the scene. After hearing Ms. Bedwell's explanation for the cause of the accident, the officers took the firearm into their possession.

On April 14, 2015, the state troopers tested Ms. Bedwell's firearm for a potential misfiring defect by tapping the revolver on the hammer with a small mallet. The test allegedly resulted in an unintentional misfiring of the weapon. Plaintiff then purchased three additional Rossi .357 revolvers and a local gunsmith tested them for defects. Out of the three, one discharged in the same way as Ms. Bedwell's revolver when struck on the hammer with a mallet. As such, Ms. Bedwell filed this class action seeking to force Defendants to recall, repair, and/or repurchase the defective .357 revolvers sold to Ms. Bedwell and the class.[2] In sum, Plaintiffs allege that Defendant violated the Florida Deceptive and Unfair Trade

---

[2] Plaintiff notes that we have subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and defendant are citizens of different states.

Practices Act, committed two counts of negligence (failure to warn and failure to test), and breached several warranties.

## *II. APPLICABLE PRINCIPLES AND LAW*

"Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1342 (S.D. Fla. 2007) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (internal quotation marks omitted)); *see also Smith v. Ocwen Financial*, 488 Fed.Appx. 426, 428 (11th Cir. 2012) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) ("The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact.")). Newly raised arguments that should have been raised in the first instance are not appropriate on a motion for reconsideration. *See Gougler v. Sirius Prods., Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005). A motion for reconsideration should also not be used as a vehicle to reiterate arguments previously made because "[i]t is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through— rightly or wrongly." *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983) (internal formatting omitted)). If a motion merely submits previously rejected arguments, those motions are generally denied. *See Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC*, 687 F. Supp. 2d 1322,

1324 (S.D. Fla. 2009) (quoting *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1268 (N.D. Ala. 2006) (noting that "motions to reconsider are not a platform to relitigate arguments previously considered and rejected")). "[However], [a] motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Z.K. Marine*, 808 F. Supp. at 1563 (internal formatting and citation omitted).

Generally speaking, motions for reconsideration are considered an "extraordinary remedy" and subject to a district court's substantial discretion. *See Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)); *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369-70 (S.D. Fla. 2002) (citing *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985)) ("District court decisions on motions for reconsideration are reviewed for abuse of discretion, thus affording the courts with substantial discretion in their rulings.").

### III. ANALYSIS

On October 25, 2017, we found that Defendant's reliance on the doctrine of apportionment of fault was not a counterclaim, but an affirmative defense. *See* FED. R. CIV. P. 8(c)(1) (including the doctrine of contributory negligence as an affirmative defense); *see also Harper v. Wilkaitis*, 2015 WL 2371565, at *3 (S.D. Miss. May 18,

4

2015) ("Because apportionment of fault is an affirmative defense, Wilkaitis will have the burden of persuading the jury that Brentwood's premises was unreasonably dangerous.") (citing *Eckman v. Moore,* 876 So. 2d 975, 989 (Miss. 2004)); *Dawes-Ordonez v. Forman,* 2009 WL 3273898, at *2 (S.D. Fla. Oct. 9, 2009) (denying motion to strike apportionment of fault as an affirmative defense); *Millette v. DEK Techs., Inc.,* 2009 WL 3242010, at *6 (S.D. Fla. Oct. 6, 2009) ("Although Nadeau does not use the phrase 'apportionment of fault,' the Court construes this affirmative defense as such.").[3]

We also found that apportionment of fault was not an affirmative defense because counterclaims – by their very definition – are materially different. "An affirmative defense *does not* identify a defect in a plaintiff's *prima facie* case. For example, responding that plaintiff's complaint fails to state a claim upon which relief may be granted—the standard for dismissal under Rule 12(b)(6)—or that defendants did not owe plaintiff a duty does not raise an affirmative defense." *F.D.I.C. v. Stovall,* 2014 WL 8251465, at *2 (N.D. Ga. Oct. 2, 2014) (citing *In re Rawson Food Serv., Inc.,* 846 F.2d 1343, 1349 (11th Cir. 2010) ("A defense which

---

[3]   Alaska Statute § 09.17.060 allows damages to be diminished proportional to a claimant's contributory fault:

> In an action based on fault seeking to recover damages for injury or death to a person or harm to property, contributory fault chargeable to the claimant diminishes proportionately the amount awarded as compensatory damages for the injury attributable to the claimant's contributory fault, but does not bar recovery.

Alaska Stat. Ann. § 09.17.060.

5

points out a defect in the plaintiff's prima facie case is not an affirmative defense."). Instead, "an affirmative defense is something that, if proven, will reduce or eliminate a plaintiff's recovery even if the plaintiff established a *prima facie* case." *Stovall*, 2014 WL 8251465, at *2 (citing *Roberge v. Hannah Marine Corp.,* 124 F.3d 199, 199 (6th Cir. 1997) ("An affirmative defense ... does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven.")).

Apportionment of fault does not give rise to an independent cause of action or a right to payment. It merely seeks to reduce any damages resulting from the injuries sustained to Ms. Bedwell's son. *See Inlet Condo. Ass'n Inc. v. Childress Duffy, Ltd., Inc.*, 2013 WL 11320208, at *1 (S.D. Fla. May 21, 2013) ("[T]he proper vehicle for Inlet's challenges to Childress' affirmative defenses is a motion to strike pursuant to Fed. R. Civ. P. 12(f) rather than a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)."). Because Defendant's counterclaim was actually an affirmative defense, we construed Plaintiffs' motion to dismiss as a motion to strike. We subsequently denied Plaintiffs' motion to strike because Defendants proffered sufficient facts to give Plaintiffs fair notice of the affirmative defense being asserted and how it applies to the facts of this case. *See Castillo v. Roche Labs. Inc.*, 2010 WL 3027726, at *4 (S.D. Fla. Aug. 2, 2010) (striking the affirmative defense that a party failed to mitigate damages because it lacked factual particularity) (citing *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167,

1171–72 (N.D. Cal. 2010) (merely alleging that the affirmative defense exists is not sufficient)).

Plaintiffs argue that the Court's prior Order re-designating Defendants' counterclaim as an affirmative defense has the unintended effect of imputing any alleged negligence of Mr. and Mrs. Bedwell onto their minor son, who is a shooting victim and wholly without fault.  In other words, Plaintiffs believe that apportionment of fault will allow Defendant to impute any alleged negligence onto a minor child – that may ultimately reduce the minor's recovery.  As such, Plaintiffs request that the Court consider entering an Order striking Defendant's affirmative defense or otherwise limit apportionment of fault solely to Mr. and Mrs. Bedwell.

After considering all the arguments presented, we find that there is no persuasive reason to grant the relief Plaintiffs seek.  While Plaintiffs suggest that the re-designation of Defendant's counterclaim as an affirmative defense has the unintended consequence of holding an injured minor responsible for his parent's negligence, Plaintiffs never made this argument with respect to Defendant's "counterclaim."  For instance, Plaintiffs have not adequately demonstrated why the "counterclaim" did not previously suffer from the same problem.  And Plaintiffs have also not explained why this argument could not have been raised earlier.  Therefore, Plaintiffs' motion fails at the outset because district courts in the Eleventh Circuit have repeatedly held that "[a]dditional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." *Rossi v. Troy State University,* 330 F. Supp. 2d 1240,

1249 (M.D. Ala. 2002) (denying motion to reconsider where plaintiff failed to submit evidence in question prior to entry of order and failed to show good cause why he could not have done so).

Plaintiffs' motion also fails because Defendant is not claiming that the parents' negligence should be imputed to the child. Nor does Defendant contend that the child was himself negligent. Instead, Defendant alleges that the parents were at least partially at fault and their negligence contributed to the harm the child suffered. *See, e.g.*, *Sinclair v. Okata*, 874 F. Supp. 1051, 1059 n.55 (D. Alaska 1994) ("Under Alaska law, any negligence of the plaintiffs would not bar their claim but would only diminish proportionately the amount they are entitled to receive in damages . . . defendants cite no case which holds that Ms. Sinclair's alleged negligence in failing to supervise her children would be imputed to [the two year old son]. Nor do defendants cite a case where [another minor's] alleged negligence . . . would be imputed to [the two year old son]. Indeed, defendants do not claim in their brief that [the two year old] was negligent in any way."). Under Alaska law, apportionment of fault applies to plaintiffs and third-parties alike. *See* Alaska Stat. Ann. § 09.17.080 (providing for apportionment of damages according to "the percentage of the total fault that is allocated to each claimant, defendant, third-party defendant, person who has been released from liability, or other person responsible for the damages"). This means that Defendant could raise the same defense in relation to the conduct of a third party stranger and any recovery on behalf of the minor child could be reduced accordingly. The fact that Plaintiffs may

8

have been negligent in the operation of a firearm – as opposed to a random third party – does not change the analysis.

Finally, Plaintiffs' motion lacks persuasiveness because this is merely a motion to strike an affirmative defense. Even if Plaintiffs' argument was correct on the merits, we would have no basis to strike an affirmative defense that complies with the Federal Rules. Plaintiffs may ultimately be entitled to relief on the merits based on the record evidence presented but such a determination cannot be made at the pleading stage of a case. Accordingly, Plaintiffs' motion for reconsideration must be **DENIED**.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' motion for reconsideration [D.E. 72] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of December, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge